**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6732**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DELFON LEBREW HARE,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, Senior District Judge. (8:07-cr-00189-RWT-1; 8:10-cv-01757-RWT)

Submitted: April 28, 2017                                 Decided: May 18, 2017

Before DUNCAN, DIAZ, and FLOYD, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Delfon Lebrew Hare, Appellant Pro Se. Deborah A. Johnston, Assistant United States Attorney, John Michael Pellettieri, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Delfon Lebrew Hare appeals the district court's order denying relief on his Fed. R. Civ. P. 60(b) motion to reconsider the denial of his 28 U.S.C. § 2255 (2012) motion. We previously granted a certificate of appealability on the question of whether Hare's claims about the existence of documents, including a state writ of habeas corpus ad prosequendum allegedly demonstrating that he was first arrested on federal charges, are relevant to his Sixth Amendment speedy trial claim.[1] We have reviewed the record, including the parties' informal briefs following the issuance of the certificate of appealability, and find no reversible error. Accordingly, we affirm the district court's order as to the claim on which we granted a certificate of appealability and dismiss the claims on which we previously denied a certificate of appealability.[2] We dispense with

---

[1] Although the Government raised the defense for the first time on appeal that this claim is waived by Hare's guilty plea, we have reviewed the claim out of an abundance of caution, as did the district court.

[2] Although the district court's order is somewhat unclear as to whether the court fully considered Hare's true Rule 60(b) claim that the court had not reviewed Hare's Sixth Amendment speedy trial claim in light of documents casting doubt on which governmental entity first took custody of Hare, we are satisfied that the Sixth Amendment speedy trial claim was sufficiently reviewed based on facts in the record. It does not appear on appeal that the court erred in denying the Rule 60(b) motion, in light of the state and federal court records demonstrating that approximately eight and one-half months elapsed between filing the federal criminal complaint and Hare's guilty plea and considering the factors to be weighed in a balancing test outlined in *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*